UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-06948-SVW-JC | Date | November 16, 2021 |
| Title | *Bobbie Smith v. FCA US, LLC, et al.* | | |

| | |
|---|---|
| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| N/A | N/A |

**Proceedings:**   **ORDER DENYING MOTION TO REMAND [17]**

Before the Court is Plaintiff Bobbie Smith's motion to remand. *See* ECF No. 17. Plaintiff purchased a vehicle from Defendant in 2015. Compl. ¶ 8, ECF No. 1-2. Plaintiff alleges that Defendant FCA US, LLC ("FCA") is liable under California law for willful breach of various vehicle warranties, among other things. *See* Cal. Civ. Code §§ 1790, 1739.2. Defendant removed this matter from the Los Angeles Superior Court on August 27, 2021. *See* ECF No. 1. Plaintiff contends that that this case should be remanded because the amount in controversy does not exceed $75,000.

When a complaint filed in state court alleges on its face "damages in excess of the required jurisdictional minimum," the amount pled controls unless it appears "to a legal certainty" that the claim is for less than the jurisdictional amount. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402-404 (9th Cir. 1996). Conversely, "[w]here it is "unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018).

   A.   **"Legal Certainty" and Ambiguity**

Here, the Complaint alleges that Plaintiff "suffered damages in a sum to be proven at trial in an amount that is not less than $25,001.00." *See* Compl. ¶ 11. Defendant argues that this establishes that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:21-cv-06948-SVW-JC | Date | November 16, 2021 |
|---|---|---|---|
| Title | *Bobbie Smith v. FCA US, LLC, et al.* | | |

the amount in controversy exceeds $75,000: $25,001 in actual damages taken with $50,002 in double civil penalties exceeds the jurisdictional threshold. Plaintiff responds that the word "damages" references Plaintiff's *total* damages, which include 1) actual damages; 2) civil penalties; 3) attorney's fees; *and* 4) punitive damages. See *Bourland v. Ford Motor Co.*, No. 5:19-CV-08456-EJD, 2020 WL 5797915, at *3 (N.D. Cal. Sept. 29, 2020).

In other words, the parties dispute whether the $25,001 figure includes *all* damages or only actual damages. The Ninth Circuit has held, however, that where the plaintiff articulates a figure for damages in the body of the complaint and fails to repeat this in the Prayer for Relief, the court cannot determine that the figure is legally certain. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007); *see also Bourland*, 2020 WL 5797915, at *3 (applying *Guglielmino* in Song-Beverly action). Because Plaintiff does not plead this figure in the Prayer for Relief, the Court cannot conclude that it appears "to a legal certainty" that the claim is for less than the jurisdictional amount. *See Sanchez*, 102 F.3d at 402–404.

Moreover, a number of district courts have found that an allegation in a state court complaint seeking damages of "not less than $25,001," without more, is too speculative and ambiguous to support a finding that the amount in controversy requirement is satisfied. *See Carillo v. FCA USA, LLC*, — F. Supp. 3d —, 2021 WL 2711138, at *3 (C.D. Cal. June 29, 2021); *e.g. Limon-Gonzalez v. Kia Motors Am., Inc.*, No. CV 20-4381 PA (JPRX), 2020 WL 3790838, at *3 (C.D. Cal. July 7, 2020) (collecting cases); *Mullin v. FCA US, LLC*, No. CV 20-2061-RSWL-PJW, 2020 WL 2509081, at *3 (C.D. Cal. May 14, 2020) ("the Court finds that the allegations in plaintiff's complaint do not make clear whether he is seeking more than $25,001 in actual damages or total damages.").

Accordingly, because the amount in controversy is ambiguous from the face of Plaintiff's complaint, the Court must determine whether Defendant has met its burden to demonstrate by a preponderance of the evidence that the amount in controversy is greater than $75,000. *See Fritsch*, 899 F.3d at 793.

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-06948-SVW-JC | Date | November 16, 2021 |
| Title | *Bobbie Smith v. FCA US, LLC, et al.* | | |

### B. Preponderance of the Evidence

The Song-Beverly Act, under which Plaintiff's claims arise, permits plaintiffs to recover "damages and other legal and equitable relief." Cal. Civ. Code § 1794(a). The measure of damages includes the sum of (1) restitution, (2) "a civil penalty which shall not exceed two times the amount of actual damages," and (3) "the aggregate amount of costs and expenses, including attorneys' fees based on actual time expended." *See* Cal. Civ. Code § 1794; *see Carillo v. FCA USA, LLC*, — F. Supp. 3d —, 2021 WL 2711138, at *3 (C.D. Cal. June 29, 2021).

  a. Actual Damages

As to actual damages, Plaintiff is entitled to the actual amount of funds paid to the seller. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1008 (N.D. Cal 2002). Defendant has produced evidence that Plaintiff paid $50,737.18, including taxes and fees, for the vehicle at issue.[1] *See* Ex. H at 2, ECF No. 1-9.

  b. Civil Penalties

Next, Plaintiff seeks civil penalties of up to two times actual damages. *See* Compl. ¶ 25 (asserting that Defendant's violation of the law was willful). Even taking the lower figure of actual damages

---

[1] The purchase price may be reduced based on the number of miles a buyer has driven before first presenting the vehicle for repair—deemed a "milage offset." Defendant computed the mileage offset to reach a figure of actual damages of at least $34,272.18. *See* Opp'n at 5. Even if this "Court generally does not consider mileage offsets . . . in calculating the amount in controversy, as such offsets sound more in the nature of a defense," the $34,272.18 figure would be sufficient to satisfy the jurisdictional requirement. *See Pristave*, 2020 WL 4883878, at *3; *see also Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1108 (9th Cir. 2010) ("[I]f a district court had to evaluate every possible defense that could reduce recovery below the jurisdictional amount the district court would essentially have to decide the merits of the case before it could determine if it had subject matter jurisdiction."). Further, when the total price includes the rebate, as here, the rebate may be properly included as part of Plaintiff's potential recovery. *See, e.g., Carillo*, 2021 WL 2711138 at *4.

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:21-cv-06948-SVW-JC | Date | November 16, 2021 |
|---|---|---|---|
| Title | *Bobbie Smith v. FCA US, LLC, et al.* | | |

accounting for the milage offset as described in n. 1 below, civil penalties would exceed $68,000. Taken with an estimate of $34,000 for actual damages, these figures readily exceed the required amount in controversy threshold. That remains true particularly because the Court's conclusion does not account for other potential recoveries that Plaintiff seeks, like attorney's fees and punitive damages. *See id.* (prayer for relief requesting attorney's fees); *see also Fritsch*, 899 F.3d 785, 794 (9th Cir. 2018) (future attorney's fees should be considered in calculating amount in controversy).

Plaintiff argues that FCA must adduce evidence that recovery of civil penalties in the maximum amount would be more likely than not. *See* Mot. 10. District courts are split on the extent of evidence required. *Compare Savall v. FCA US, LLC*, No. 21-cv-195, 2021 WL 1661051, at *3 (S.D. Cal. Apr. 28, 2021) (excluding civil penalties because defendant provided no evidence showing "a civil penalty . . . would actually be awarded in this case") *with Tucker v. FCA US, LLC*, No. 21-cv-2908, 2021 WL 3733243, at *4 (C.D. Cal. Aug. 23, 2021) (considering civil penalties in the maximum recoverable amount based solely on the complaint).

However, because the amount in controversy is not a "prospective assessment of a defendant's liability," but "the amount at stake in the underlying litigation," the Court is persuaded that Defendant has proven by a preponderance of the evidence that an amount exceeding the jurisdictional threshold is in dispute. *See Chavez*, 888 F.3d at 417; *see also Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) ("The question is not what damages the plaintiff will recover, but what amount is in controversy between the parties.").

Accordingly, Defendant has adequately met its burden to show that the amount in controversy is satisfied herein. For these reasons, Plaintiff's motion is DENIED.

**IT IS SO ORDERED.**

Initials of Preparer

PMC